UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| K. ERIN HOHMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 18-10027-LTS |
| | ) | |
| SEYFARTH SHAW LLP, JOANNE MCBRIDE, TRACEY DANE-DEENEY, ARIEL CUDKOWICZ, AND CATHERINE KOHN, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTION TO DISMISS

May 16, 2018

SOROKIN, J.

K. Erin Hohmann sues her former employer Seyfarth Shaw LLP ("Seyfarth") and several individual employees working for Seyfarth, alleging unlawful discrimination under state and federal law.[1] Doc. No. 1. The Individual Defendants, but not Seyfarth, request dismissal asserting none were named as defendants in the administrative proceedings before the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC"). Doc. No. 19. In addition, none had the opportunity to participate in the conciliation process at MCAD. See Doc. No. 20 at 1.

---

[1] The individual employees are JoAnne McBride, an office administrator of Seyfarth's Boston office, Tracy Dane-Deeney, the human resources manager of Seyfarth's Boston office, Ariel Cudkowicz, a co-managing partner of Seyfarth's Boston office, and Catherine Kohn, Seyfarth's Chief Financial Officer (collectively, the "Individual Defendants"). See Doc. No. 1 at ¶¶ 3-6.

Massachusetts law requires a plaintiff, as to each defendant, to bring a charge before the appropriate administrative agency prior to filing suit. 804 CMR 1.10(5); see Chatman v. Gentle Dental Ctr. of Waltham, 973 F. Supp. 228, 233 (D. Mass. 1997) ("Failure to file a proper charge with the MCAD is fatal to a later claim filed in court[.]"); Sirasombath v. Waters Corp., No. CIV.A. 13-12075-RGS, 2015 WL 3883891, at *5 (D. Mass. June 24, 2015), *aff'd* (Feb. 2, 2016) ("Because [Plaintiff] failed to name [Defendant] in her MCAD retaliation charge, the claim against [Defendant] must be dismissed."). Federal law likewise requires exhaustion as to each defendant. Farris v. Shinseki, 660 F.3d 557, 562–63 (1st Cir. 2011); see Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) ("[A] claimant . . . must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency . . . This omission, if unexcused, bars the courthouse door[.]"). Here, Hohmann did not do so as to the individual defendants, none of whom were named in her MCAD complaint. See Doc. No. 20-1. While an exception to this rule applies "if the party [unnamed in the administrative complaint] was on notice of the charge and had an opportunity to participate in the MCAD proceeding," Preston v. Second Wind, Inc., 824 F. Supp. 2d 247, 250–51 (D. Mass. 2011), nothing in the complaint (or the record before the Court) establishes that any defendant had such an opportunity. See Doc. No. 1.

Accordingly, the Motion to Dismiss (Doc. No. 19) is ALLOWED.[2] The Court will hold a Rule 16 Scheduling Conference on June 11, 2018 at 2:30 p.m. to establish a schedule for this case to govern all of Hohmann's claims against her former employer Seyfarth. Hohmann shall appear in person at the hearing as she is pro se. Counsel for Seyfarth shall appear in person for the defendant.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] In light of the Court's resolution of the Individual Defendants' motion, the Court need not address the argument made by Defendant Catherine Kohn that the Court lacks personal jurisdiction over her. See Doc. No. 20 at 5-9.